## B. M. Rowland
### v.
## Springfield Fire and Marine Insurance Co.

1. Insurance.—An application for insurance, accompanied by premium, made to an agent only authorized to solicit insurance, and a return by him to the applicant of a receipt containing the clause " subject to the approval of the general agent of said company," will not constitute a contract binding upon the insurance company when the application is promptly rejected by the company and premium returned.

2. Practice.—In this case the demurrer to evidence was improperly sustained, and the practice in withdrawing the case from the jury irregular; it would have been better practice to have instructed the jury that there was no evidence for plaintiff and to find for defendant.

Error to the Circuit Court of Richland county; the Hon. Wm. C. Jones, Judge, presiding. Opinion filed April 15, 1886.

Messrs. Wilson & Hutchinson, for plaintiff in error; cited 1 Parsons on Contracts, 73; N. E. F. & M. Ins. Co. v. Schettler, 38 Ill. 167; Wood on Fire Insurance, § 4; Dormady v. State Bk. of Ill., 2 Scam. 241.

Mr. John P. Heap and Mr. Thomas Bates, for defendant in error ; that the contract of insurance was not a valid one, cited Baptist Church v. Brooklyn Fire Ins. Co., 28 N. Y. 153; Winnesheik Ins. Co. v. Holzgrafe, 53 Ill. 522.

Green, J.    This was a suit in assumpsit brought by plaintiff against defendant upon an alleged contract of insurance to recover the value of property destroyed by fire.  In the first count of the declaration it is averred, in consideration of a premium of $5, for which a note was given to and accepted by defendant, defendant, by its agent, induced plaintiff to insure his property in that company against loss by fire, which inducement was caused and procured by defendant representing to plaintiff that his property would be so insured from noon of the date

of application if he would sign an application for insurance, which was done in manner and form as defendant, by its agent, represented was necessary in order to effect insurance ; but policy not being issued, defendant's agent represented as an inducement to the making of said contract of insurance that the property would be and was thereby insured until the proper officer should insure or give notice of its refusal to issue a policy insuring said property for one year ; described items of property, averred their value to be $213, destruction by fire March 17, 1885, and before said application was rejected, and fire occurred while property was so insured *ad interim;* avers proof of loss, etc.

Second count avers that defendant, for $5, on March 6, 1885, promised and undertook to insure plaintiff's property from loss by fire for one year to the amount of $200, subject to the reserved right to reject the same and return premium by giving notice before loss ; describes property insured ; avers note was given for premium and paid March 9, 1885, and immediately thereafter and before defendant had acted on application property was destroyed by fire, loss $214, which accident occurred while promise of insurance was in full force, and before reserved right to reject was acted upon; avers proof of loss, etc., refusal to pay and *ad damnum.* To this declaration defendant pleaded general issue. The cause was tried by court and jury ; when the evidence was all heard defendant filed his demurrer to evidence, which the court sustained and discharged the jury. Plaintiff's motion for new trial was overruled and the court entered judgment in favor of defendant for costs, and plaintiff thereupon sued out this writ of error to reverse said judgment, and assigns for error the refusal of the court below to admit evidence for plaintiff, the exclusion of proper evidence from the jury, refusal to submit case to the jury, and sustaining demurrer to evidence. We think the court be ow in refusing to admit plaintiff's evidence, the admission of which was refused, and in excluding such as it did exclude from the jury, committed no errors.

The material facts in this case as disclosed by the record are that a short time prior to March 7, 1885, one Cachennour, a

district agent of defendant, with authority to receive applications for insurance and to collect and transmit premiums, appointed L. W. Mitchell his sub-agent (with defendant's consent) to *solicit* insurance for the company, and on March 7, 1885 Mitchell took a written application from plaintiff for insurance on his property to the amount of $200, and plaintiff at same time gave Mitchell his note for five dollars, payable at some future day, and took from Mitchell this receipt:

"Received from B. M. Rowland an application for insurance against loss by fire and lightning, by the Springfield F. & M. Insurance Company, of Springfield, Mass., on property to the amount of $200, for the term of one year, *subject to the approval of the general agent* of said company, and a note for five dollars, due and payable on the ———day of ————— 188— also ————————— in cash, all to be returned if policy is not issued.

"L. W. MITCHELL."

Mitchell handed this application and note to said Cachennour, who forwarded same to the general agent at Chicago. They were returned, errors in application corrected, and again forwarded as before, and the application as amended at once rejected by the general agent, and returned with note to Cachennour, who gave note to Mitchell to return to plaintiff. The fire occurred March 12 or 13, 1885, and on the next day after the fire, plaintiff, who then knew the application had been rejected and that the property was burned, paid Mitchell five dollars and procured the note which had been returned. Mitchell was ignorant of the fact that the property was burned when he received the five dollars and gave plaintiff the note, and on the same day, when Mitchell learned this fact and offered to return the money to plaintiff, the latter refused to receive it and claimed to be insured and entitled to his pay. The defendant never received this five dollars Mitchell was paid by plaintiff. Do these facts, proven by plaintiff on the trial, support his declaration and show a right to recover, or do they not rather clearly show that plaintiff had no right of action against defendant at the time he brought the suit? The latter seems to be the correct theory.

Rowland dealt with Mitchell, who, if the agent of defendant, was an agent to *solicit* insurance only, not to make contracts for it. This was known to Rowland, because the receipt he took disclosed the fact that his application must be approved by the general agent before a contract could be made. We regard the receipt as the writing showing the true character of the transaction between Mitchell and plaintiff, and determining whether a contract for insurance was made between plaintiff and defendant as alleged. The application was surely not such a contract, nor the note for five dollars, and the receipt only can be resorted to to learn the intentions of the parties; by its plain conditions, each party is bound, and these conditions are, *if the application is approved by the general agent of the company*, it would give him (plaintiff) the insurance, *and if policy is not issued* the note to be returned; it turns out the application is not so approved, and as agreed, the insurance was not given as therein applied for, and no policy is issued, but the note is promptly returned as agreed; no contract was made, but the proposal by plaintiff to insure was refused. Counsel for plaintiff seems to have realized the position and sought to show a parol contract between defendant by its agent with plaintiff, rendering them liable for the loss alleged, but the court properly refused to admit such testimony, because the only agent with whom plaintiff dealt had no authority to make contracts to insure for, or on behalf of defendant. Upon a state of fact quite as favorable to plaintiff as shown here, and in a case on all fours with this, the Supreme Court of this State, in the case of Winnesheik Ins. Co. v. Holzgrafe, 53 Ill. 518, decide that no contract of insurance was concluded, and the insurance company not liable. In that case, an application and note for premium accompanying it were given, and receipt similar to the one in this case was taken by plaintiff. This authority, and Ins. Co. v. Johnson, 23 Penn. State, 74, together with other authorities cited in the brief of defendant in error, we deem conclusive against plaintiff in error upon this record. The payment of five dollars by plaintiff to Mitchell after the loss, and after the rejection of the application was made known to plaintiff, as he tes-

tifies, will hardly be insisted on, we apprehend, as clothing the transaction had between them before that payment with the garb of a contract, or changing that which was a proposal to insure to a completed contract of insurance. We think, also, the demurrer to evidence was improperly sustained, and the practice in withdrawing the case from the jury irregular ; it would have been better practice to have instructed the jury there was no evidence for plaintiff, and to find for defendant ; but reversing the judgment for this error would be productive of no benefit to the parties, and continue a litigation which would terminate in the same result. The judgment below was right and is affirmed.

Judgment affirmed.