## Isaac Cannon, Adm'r, etc., v. The Michigan Mutual Life Ins. Co.

1. CONTRACTS—*Prior or Contemporaneous Agreements.*—Any promise or agreement concerning the terms and conditions of a contract made prior to or contemporaneously with the reducing of such contract to writing is merged in the writing.

Assumpsit, on a policy of life insurance. Appeal from the Circuit Court of Crawford County; the Hon. ENOCH E. NEWLIN, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

J. E. McGaughey, Gee & Barnes and Bradbury & Mac-hatton, attorneys for appellant.

James McCartney, attorney for appellee.

Any promise or agreement made prior to the written contract is merged in the writing. Commercial Acc. Co. v. Bates, 176 Ill. 194; Dow v. Whetten, 8 Wend. 160; Sullivan v. Ins. Co., 43 Ga. 423; 1 May on Insurance, Sec. 29, B.

Mr. Justice Creighton delivered the opinion of the court.

This was an action of assumpsit by appellant against appellee, in the Circuit Court of Crawford County, to recover on a policy of life insurance. Trial by jury. Verdict and judgment in favor of appellee. With their verdict the jury returned answers to a number of special interrogatories, among them being the following:

" Was or was not the policy of insurance sued on in this case ever delivered to the applicant, William Cannon? Answer: No. Was or was not William Cannon in good health when the policy on his life was placed in the mail at Detroit directed to the general agent of defendant at Chicago? Answer: No. Was or was not William Cannon in good health when the policy on his life was placed in the mail at Chicago directed to Ed. Ryan at Lawrenceville? Answer: No."

The declaration is in the usual form, to which are pleaded many special pleas, among them the following: Special plea numbered two, in which defendant alleges that decedent, William Cannon, made an application to defendant, signed by him, in which it was agreed that if a policy was ever issued on said application, the same should not take effect until it was delivered to the said William Cannon, and he in good health; defendant further alleges in said plea that the said policy was never delivered, etc.

One Ed. Ryan was acting as soliciting agent for appellee at Lawrenceville, Illinois, and on November 28, 1899, entered into negotiations with William Cannon, appellant's intestate, which resulted in the making of an application by Cannon, to appellee company, for a policy of insurance on Cannon's life in the sum of $5,000. At the date men-

tioned one part of an application was filled out and signed by Cannon, and the following promissory note was signed and delivered to the agent:

"$322.15                              Canaan, Nov. 28, 1899.

Sixty days after date I promise to pay to the order of Ed. Ryan, three hundred and twenty-two and 15-100 dollars, with interest at — per cent per annum, at Lawrenceville, Illinois.     Value received.     William Cannon."

At this point in the negotiations the parties separated with the mutual understanding that they would meet again in Lawrenceville, to complete the application, by Cannon's making the answers and statements and submitting to the examination required of him as part of his application. In pursuance of this understanding they did meet again in Lawrenceville, on the 4th day of December, 1899, when the remaining part of the application was filled out, agreed to and signed by Cannon.     Both parts of the application bear this date—December 4, 1899.     The application contains the following agreements on the part of Cannon:

"I hereby agree that these statements * * * with this declaration, shall form the basis of the contract for insurance. * * * That the policy shall not take effect unless * * * the insured is in good health at the time of its delivery."

The completed application was in due course forwarded to the company's home office, and upon consideration of it by those charged with that duty, the company decided to accept the application and issue its policy, and accordingly, on the 15th day of December, 1899, a policy was prepared in the home office in Detroit, Michigan, and during the afternoon of that day, between four and five o'clock, it was mailed to E. H. Elwell, the company's general western manager at Chicago, Illinois.     The policy was received by Elwell in Chicago, between ten and eleven o'clock on the forenoon of December 16th, and during the afternoon of that day, Elwell mailed it to the company's local agent at Lawrenceville, and the local agent at Lawrenceville received it between nine and ten o'clock on the forenoon of December 17th.     At that time Cannon was

dead. He had taken ill about five o'clock on the morning of the 15th, and died at nine o'clock in the forenoon of the 16th. The policy was returned to the company. The premium for the policy was never paid. The note given to Ed. Ryan was never paid, nor presented for payment, nor presented to the company for acceptance or approval. The policy which was prepared and signed by the company contains the same provision as does the application signed by the applicant, viz: "This policy shall not take effect unless the insured is in good health at the time of its delivery to him." The policy never was delivered to Cannon. He was mortally ill and at death's door before the policy was written, and had been dead twenty-four hours when the policy reached the local agent, whose duty it was to deliver such policies if he should find all the conditions warranting a delivery to exist, and not otherwise.

Appellant's counsel sought, on the trial in the Circuit Court, to avoid the force and effect of the foregoing state of facts, by an offer to prove that on November 28th, at the time the first part of the application was signed and the note above quoted given to the local agent, Ryan, Ryan told Cannon if he would sign the note then, and a policy of insurance should ever be issued to him by the company, and he should die while the policy was in transit, and before it reached him, his estate would receive from the company every dollar of the policy, and that upon this statement Cannon signed the note and delivered it to Ryan. The trial court rejected this proffered evidence. In this ruling of the court there is no error. It is not claimed here, nor could it be claimed under the undisputed facts of this case, that there was any novation or subsequent waiver. This alleged oral promise, if made at all, was made pending the negotiations. Any promise or agreement concerning the terms and conditions of a contract made prior to or contemporaneous with the reducing of such contract to writing is merged in the writing. This is the general doctrine and applies as well to insurance contracts as to others. Commercial Accident Company v. Bates, 176 Ill. 194, is an

insurance case, and is conclusive.   In that case the court say :

"Where a written application is required to be signed by the assured, and is so signed, and a policy of insurance is issued upon the application, as was the case here, the application and policy constitute a written contract by and between the assured and the insurance company, and where a controversy arises in regard to what the contract is between the parties, that controversy must be determined by the application and the policy.   *   *   *   A contract of that character can not rest partly in writing and partly in parol.   It can not be varied, explained or added to by parol evidence.   *   *   *   When a contract of insurance is reduced to writing, the prior negotiations of the parties in respect to it are deemed to be merged in the document, which in law is conceived to be the evidence of the agreement they finally fix upon, and parol evidence is inadmissible to vary its terms."

The undisputed facts in the branch of the case above discussed disclose that appellant had no cause of action.   As the judgment will be affirmed, and in our opinion will never reach the Circuit Court again for trial, we do not deem it our duty to discuss any of the numerous remaining interesting questions raised upon the record and argued in the briefs.

The judgment of the Circuit Court is affirmed.