### Effie Ellis, Appellee, v. State Mutual Life Assurance Company of Worcester, Massachusetts, Appellant.

1. INSURANCE, § 112*—*when actual delivery is condition precedent to recovery on life insurance policy.* Where an application for life insurance provided that the contract or policy applied for should not take effect until the first premium thereon should have been actually paid and the policy delivered to the applicant during his lifetime and his present condition of health, and the policy issued on such application also provided that it should not take effect until actually delivered and the first premium thereon paid during the insured's lifetime and that the application and the policy together should constitute the entire contract between the parties, *held* that such stipulation as to actual delivery of the policy to the applicant while alive and in the condition of health he was at the time of the application was a condition precedent, performance of which would be essential to a recovery on the policy.

2. INSURANCE, § 113*—*when evidence insufficient to show actual delivery of policy.* Evidence *held* to show there was no actual delivery of the policy sued on to the insured, as required by the policy, where it was sent to the insurer's agent by the insurer and remained in such agent's possession until after the death of the insured.

Appeal from the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed April 13, 1917.

COWAN & HUFFMAN and MANSFIELD & COWAN, for appellant.

FRED R. YOUNG and O. R. MORGAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee, Effie Ellis, brought suit in assumpsit in the Circuit Court of Johnson county to recover on a policy of insurance executed by appellant, the State

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mutual Life Assurance Company of Worcester, Massachusetts, to the husband of appellee, in which policy she was named as beneficiary.

Appellant filed a plea of the general issue, with notice of special matter of defense, the special matter being that the policy was not to be in effect until actually delivered and the first premium paid during the lifetime of the assured, and while he was in the same condition of health as when his application was signed, and that the policy was not so delivered. A trial was had resulting in a verdict and judgment in favor of appellee for $1,057.48, being the amount of the policy and interest. To reverse said judgment, appellant prosecutes this appeal.

The application signed by Ellis contained, among other things, the following provision: "That the contract or policy applied for shall not take effect until the first premium thereon shall have been actually paid and the policy delivered to me during my lifetime and the present condition of health." The policy issued thereon contained this provision: "This policy shall not take effect until actually delivered and the first premium paid thereon during the 'lifetime of the insured.'" Said policy contained the further provision: "That this policy and the application therefor shall constitute the entire contract between the parties hereto."

Appellant contends, for a reversal of said judgment, that the court erred in admitting in evidence, over objection, the policy sued on; that the court erred in refusing the motion of appellant at the close of appellee's evidence, and then again at the close of all the evidence, to direct a verdict in its favor; that the court erred in giving certain instructions on behalf of appellee and that the verdict is against the manifest weight of the evidence.

There is no controversy as to the facts, and they are as follows: On November 20, 1914, the assured,

Albert Ellis, husband of appellee, made written application through F. B. Hines, agent for appellant, for a policy of insurance in appellant company for $1,000, and at that time paid the first premium, which was afterwards remitted by the agent to appellant. The application was accepted by appellant and the policy sued on was executed on the 26th day of November, 1914, and was forwarded by appellant to its general agent at Chicago, reaching his office on the 12th day of December. After being registered, on the same day, said policy was forwarded for delivery to said agent, Hines, at Albion, Illinois, where it arrived either on the 13th or on the morning of the 14th of December, 1914. Hines was not at home and did not return for some days, but found said policy among his mail on his return. The assured was a man of about thirty-five years of age and was at the time of the application and continuously thereafter until his death, which occurred on the evening of December 14, 1914, in good health and in the same condition of health as when the application was made. On the evening of December 14th, Ellis had gone with his brother-in-law, Lee Hunsacker, to the barn to feed the stock. The assured went to the silo for ensilage and his brother-in-law went to the barn proper. When Hunsacker had finished his part of the work he went to the silo where he found Ellis lying at the foot of the ladder at the base of the silo in a dying condition. The ladder was perpendicular to the silo and consisted of iron lugs reaching out from each side and forming steps up which he was required to go to get to the height of the material in the silo, a distance of some twelve or fourteen feet. Ellis was carried to the house and died between 4:30 and 5:00 p. m. on that day. The policy in question reached the office of Hines the evening of the day before, or at least on the morning of the day, on which Ellis died.

The evidence also discloses that the written instructions from appellant to its agent, Hines, among other things, contained this provision: "That said agent shall have no authority to accept risks of any kind, to make, alter or discharge contracts for insurance, waive forfeitures, fix any extra premiums for hazardous risks,  *  *  *  deliver any policy or collect any over-due premium unless the insured shall be in good health, collect any premium without giving a receipt therefor duly signed by the president or secretary of said company, or receive partial payments of any premium,  *  *  *  without express authority in writing from the general agent of the company."

The evidence further discloses that for some year or two prior to his death, Ellis had been working on a farm owned by said Hines near Ozark in Johnson county, being something like ninety miles from Albion, the home of Hines, where he maintained his business office.  The facts being undisputed, the sole question for this court to determine is whether or not under the authorities the policy sued on was delivered to the assured prior to his death.

Appellant insists under its instructions to its agent, Hines, the policy in question was not to be delivered to Ellis until said agent ascertained that he was alive and in the same condition of health as he was when the application was made, or that he was at least alive and in good health.  In other words, appellant contends that the physical possession of the policy must have come to Ellis prior to his death and while he was in the same condition of health as when the application was signed.  On the other hand, appellee insists that the provisions of said application and policy above referred to should so be construed as to hold that the mailing of the policy to Hines, the local agent, constituted a delivery of said policy to Ellis, the assured, and that was the holding in effect of the trial court in its third given instruction on behalf of appellee.

We are of the opinion that the stipulation in the application and policy in question, providing that the policy shall not take effect until actual delivery to the applicant while alive and in the condition of health he was in at the time the application was taken, is a condition precedent and, unless such stipulation has been performed, appellee would not be entitled to recover in this case. The precise question here involved has not been passed upon by the Appellate Courts or by the Supreme Court of this State. In the case of *Nyman v. Manufacturers & Merchants Life Ass'n,* 262 Ill. 300, the Supreme Court held that a provision to the effect that the insured must be in good health at the time the policy is delivered was a binding one, and if the proof showed that at the time of the delivery of said policy the insured was not in good health, the insurance company could defeat the policy, unless at the time of such delivery the insurance company was aware of said fact.

In the case of *Devine v. Federal Life Ins. Co.,* 250 Ill. 203, the Supreme Court in discussing the question of delivery of an insurance policy, at page 206, says: "The application may or may not provide that the insurance shall take effect only upon the delivery of the policy to the insured. Unless expressly made so by the contract itself, an actual delivery of a policy of insurance to the insured is not essential to the validity of the contract, and the rule under such circumstances is, that a policy becomes binding upon the insurer when signed and forwarded to the insurance broker to whom the application for insurance was made, to be delivered to the insured."

This court in the case of *Cannon v. Michigan Mut. Life Ins. Co.,* 103 Ill. App. 414, in passing on an insurance policy containing the following provision, "This policy shall not take effect unless the insured is in good health at the time of its delivery to him," at page 417 says: "The policy never was delivered to

Cannon. He was mortally ill and at death's door before the policy was written, and had been dead twenty-four hours when the policy reached the local agent, whose duty it was to deliver such policies if he should find all the conditions warranting a delivery to exist, and not otherwise.''

It will be observed that this court in the foregoing case calls attention to the fact that the local agent was only to deliver the policy to the assured provided he should find ''that assured at the time of such delivery met the conditions stated in the policy, and not otherwise.'' That language is particularly applicable in this case for the reason that the express instruction to Hines, the local agent, was that he should before delivery of the policy to the assured first ascertain whether he was alive and in the same condition of health he was in at the time the application was taken.

In the case of *Bowen v. Prudential Ins. Co. of America,* 178 Mich. 63, reported in volume 51, L. R. A. (N. S.) 587, the court in passing on a policy of insurance based on an application containing the provision, ''the policy here applied for shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as disclosed in this application,'' says: ''This is plain language, easily understood. The application was initiative of the proposed contract to become a part of it, when consummated, was binding upon the applicant, and fixed a time when his policy should become operative and his insurance begin. * * * While it is generally held, in the absence of an agreement to the contrary, that actual delivery is not a prerequisite of insurance, provided the contract is otherwise complete, and it is evident that the parties intended it should be effectual without manual delivery of the policy, * * * it is also well settled that, 'If there be a provision or an agreement that the policy shall not be

in force until actual delivery to the insured, the contract is not consummated nor the company bound in the absence of such delivery.' '' Citing, 1 Joyce on Insurance, 98; Cooley's Briefs on Insurance, p. 451.

In 25 Cyc. 718, 719, it is stated with reference to the delivery of insurance policies that: ''The placing of the completed policy in the hands of the agent for delivery, without condition, to the insured completes the contract, although the actual delivery by the agent to the insured is not made before the death of the insured. But if the delivery to the agent of the company is with the understanding that it is to be delivered by the agent to the insured only after the performance of some condition, then, until the condition is performed and it becomes the duty of the agent to deliver the policy to the insured, the contract is not complete. * * * It is a usual condition of a life insurance policy that the delivery shall not be effectual to create a binding contract unless the insured is alive and in good health when the policy is delivered and the first premium paid, and under such conditions the death of the insured before the delivery of the policy will prevent its becoming effectual.''

In *Yount v. Prudential Life Ins. Co.,* (Mo. App.) 179 S. W. 749, the policy sued on was issued and sent to the local agent and was received by him a day or two before the death of the insured. It was said by the court in passing on the right of recovery on said policy: ''It is undisputed that the policy was never delivered, and also that the written application signed by the deceased expressly provided that it should be a part of the insurance contract; that the policy should not take effect until its issuance and delivery, and the first premium thereon paid in full, while the applicant was in good health. Consequently, we are unable to see what there was to submit to the jury. The provision that the policy should not take effect until its

delivery is an agreement the parties could lawfully make, and, having made it, there is no reason why it should not be enforced." Citing, *Gallop v. Royal Neighbors of America,* 167 Mo. App. 85; *Kirk v. Woodmen of the World,* 169 Mo. App. 449. "Clearly a delivery of the policy to the applicant during his lifetime and while he was in good health was required before the things done by the parties could ripen into a contract. It was a condition precedent to the completion of the contract." Citing, *Rhodus v. Kansas City Life Ins. Co.,* 156 Mo. App. 281; *Cravens v. New York Life Ins. Co.,* 148 Mo. 583, reported in 53 L. R. A. 305.

In 16 Amer. & Eng. Encyc. of Law (2nd Ed.) 855, in discussing the question of the delivery and acceptance of a policy of insurance, it is said: "If all the terms of the contract have been agreed upon between the parties, the formal delivery of the policy by the insurer and its acceptance by the insured are not essential to its validity; but if the terms have not been agreed upon, or if the application provides, and if it is a condition of the policy itself, that it shall not become effective until it is delivered to the applicant, the contract of insurance will not become binding until such delivery."

Counsel for appellee cite the case of *Mulligan v. Metropolitan Life Ins. Co.,* 149 Ill. App. 516, as supporting their contention, that the policy in question should be held to have been delivered to the insured when the same reached Hines, the local agent, notwithstanding that it never, in fact, reached the possession of the insured. An examination of this case will disclose that the question before the court was with reference to whether or not an arrangement had been made by the local agent with the assured by which the assured was to have a right to pay the first premium in instalments, and as to whether the policy was being held by said local agent for the assured pending his

making payment of said premium, and the court held that the matter of payment of said premium before the policy should become effective was waived and that the fact that the premium had not been paid would, under the circumstances, not be a defense to a suit on the policy. But in this case there was no waiver by appellant of any of the provisions of the policy sued on.

We hold, therefore, in view of the foregoing authorities, that the policy sued on was never delivered and that the court erred in not directing a verdict in favor of appellant, and that said judgment must be reversed therefor.

As the facts are undisputed in this case, we find therefrom that the policy sued on was never delivered and that by reason thereof appellee is not entitled to recover, and this finding is to be incorporated in the judgment to be entered by the clerk of this court.

*Judgment reversed with finding of fact.*