# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1920 AND 1921.

---

Daniels Motor Sales Company, Plaintiff in Error, v. New York Life Insurance Company, Defendant in Error.

## Gen. No. 25,901.

1. INSURANCE, § 609*—*when plaintiff in action must show good health of insured.* A provision in the application for a life insurance policy that the insurance shall not take effect unless the policy is delivered to and received by the insured during his lifetime and good health is a condition precedent, and it is incumbent upon one suing to recover on the policy to prove affirmatively that the insured was in good health at the time the policy was delivered before recovery can be had thereon.

2. INSURANCE, § 329*—*when knowledge is essential to waiver.* An insurer who did not know that the insured was not in good health at the time the policy was delivered cannot be held to have waived a condition precedent contained in the application that the insurance shall not take effect unless received by the insured while in good health.

3. INSURANCE, § 833*—*when ill health of insured prevents recovery.* In an action to recover on a policy of life insurance, the application for which provided that the insurance should not take

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

effect unless the policy was delivered during the lifetime and good health of the applicant, where it appeared that at the time the policy was delivered the insured was ill in a hospital with pneumonia and died the day after the policy was delivered, there can be no recovery on the policy.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed November 29, 1920.

BENNISON F. BARTEL, for plaintiff in error.

HAMLIN, TOPLIFF & COOPER, for defendant in error; JAMES H. McINTOSH, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The judgment brought to this court for review by this writ of error is of *nil capiat* upon a verdict instructed by the court, on motion of defendant, at the close of plaintiff's proofs.

This suit is brought to recover the amount of an insurance policy, $25,000, in the defendant insurance company upon the life of the insured, William Brinkman, in which plaintiff was the beneficiary. Brinkman made a written application for the policy, in which is found the following condition:

"I AGREE AS FOLLOWS: That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy delivered to and received by me during my lifetime and good health."

The determining point in this case is, was the condition above quoted a condition precedent to the going into effect of the policy, thereby making it incumbent upon the plaintiff to prove as a part of its case in chief not only that the premium had been paid when the policy was delivered, but that Brinkman was alive and in good health.

We shall limit our opinion to a decision of this point, regardless of all other questions raised or argued, ex-

cept that we will say now that there is nothing in the proofs supporting the contention of plaintiff that the condition above recited, that Brinkman should be alive and in good health at the time the policy should be delivered, was either waived or abrogated.

The statement of claim charges that the policy was delivered January 26, 1918, and that Brinkman died at Los Angeles, California, January 27, 1918. The proofs show that delivery of the policy was to the president of plaintiff in Chicago and that the agent of defendant delivering the policy questioned such president as to Brinkman's health and was informed that he was last heard from in New Orleans while on his way to Los Angeles, and that he was believed to be then in good health.

Counsel for plaintiff in his opening statement stated that after Brinkman arrived in Los Angeles, January 23, 1918, he was not feeling well; that he consulted a physician, who pronounced his malady to be pneumonia and sent him to a hospital, where he died from that illness January 27, 1918.

The application of Brinkman for the insurance was offered in evidence by plaintiff and admitted as such. The condition as to health above recited is in that application. There was no evidence as to the health of Brinkman after he left Chicago until his arrival in Los Angeles, except a postal card from New Orleans, which was ruled out by the trial judge as inadmissible.

There is no evidence to be found in the record that Brinkman was in good health on the day of the delivery of the policy to plaintiff's president. On the contrary, there is an admission in the opening statement of plaintiff's case that Brinkman was ill with pneumonia at Los Angeles 3 days prior to such delivery and died that following day from that disease. The policy contained the provision that, "This policy and the application therefor, copy of which is attached hereto, constitute the entire contract." The court, in

this condition of the record, lacking, as it did, proof that Brinkman was in good health when the policy was delivered, refused to admit it in evidence, and on motion of defendant instructed a verdict in its favor. Plaintiff contended that proof of the ill health of Brinkman was a matter of affirmative defense, but the court held with defendant that proof of the fact of good health was a condition precedent to the right of recovery, that the onus of such proof primarily rested upon plaintiff, and that without such proof there could be no recovery.

Under the law in this State the condition that Brinkman should be in good health at the time of the delivery of the policy was a condition precedent, making it incumbent upon plaintiff to prove affirmatively that Brinkman was in good health at such time before it could recover upon the policy. *Ellis v. State Mut. Life Assur. Co.,* 206 Ill. App. 226, where the court said:

"We are of the opinion that the stipulation in the application and policy in question, providing that the policy shall not take effect until actual delivery to the applicant while alive and in the condition of health he was in at the time the application was taken, is a condition precedent and, unless such stipulation has been performed, appellee would not be entitled to recover in this case."

To like effect is *Weber v. Prudential Ins. Co.,* 284 Ill. 326; *Lee v. Prudential Life Ins. Co.,* 203 Mass. 299.

A condition precedent of the character of the one under discussion must be proven by the party seeking to recover under the contract, and the failure to make such proof will defeat a recovery. *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, in which it is held that it is incumbent upon plaintiff to prove performance of all conditions precedent, the court saying in relation thereto:

"Such promissory conditions in the contract as he has undertaken to perform are known to the law as conditions precedent, and if they have not been waived

or dispensed with by the defendant, the plaintiff is bound, at his peril, to aver and prove them on the trial. This elementary rule of law applies as fully to actions on policies of insurance as to any other class of cases.''

There is no claim in plaintiff's statement of claim, which is its pleading, that there was a waiver of the condition precedent that Brinkman was in good health at the time the policy was delivered, and certainly there is no proof in the record of any such fact. Furthermore, as defendant did not know that Brinkman was not in good health, it follows logically that it could not waive an existing condition unknown to it. However, it appears from plaintiff's proof that Brinkman was not in good health at the time of the delivery of the policy on his life, but was near death and in fact died in a comparatively few hours after such delivery.

Being satisfied that the judgment of the municipal court is without error, that judgment is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.