## Mary J. Villier, Appellee, v. American National Insurance Company, Appellant.

1. INSURANCE—*what constitutes delivery.* If life policy is that called for in application, its issuance and the forwarding of it to insurer's agent for delivery to applicant causes it to become a binding contract, but there is no binding contract where the policy is different from that applied for, and is issued and forwarded subject to its acceptance and approval.

2. INSURANCE—*construction of policy.* Where provisions of an insurance policy are not uncertain or ambiguous, the principles applicable to their interpretation and construction do not differ from those which govern other contracts.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded. Opinion filed August 5, 1925.

T. M. WEBB, for appellant.

KEVIN KANE, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted in the city court of East St. Louis by appellee against appellant to recover $2,500, the amount of an insurance policy alleged to have been applied for by one Charles E. Villier, now deceased, and in which policy appellee was named as beneficiary.

The declaration consisted of the common counts and one special count. The special count averred, among other things, that the said "Charles E. Villier applied for a policy of life insurance in the sum of $2,500.00; that he paid $5.00 on the premium at the time of the making of said application; that he designated appellee as his beneficiary; that subsequent to the making of said application, on, to-wit, the 15th day of January, 1924, appellant presented said policy to appellee but refused to deliver the same to her, although she tendered the balance due on said premium, the same being refused; that on or about the 13th day of January, 1924, the said Villier departed this life."

To said declaration appellant filed a plea of the general issue and two special pleas. The first special plea was a plea of tender of the $5 which had been paid on said premium as above set forth. The second special plea averred that the application signed by Villier called for an ordinary life policy for $2,300, with a "new disability clause," and for extended insurance, and provided for the payment of a premium of $10.12 to be paid quarterly; that this form of policy could not be issued by appellant company at the date of said application; that said application provided among other things that the applicant's acceptance of the policy issued on his application, whether or not in the form applied for, should constitute a ratification of any change in the form of the policy, or any corrections or additions to the application made by appellant company in the space headed "Home Office Corrections or Additions," and that a photographic copy thereof should be sufficient notice to the applicant of said change in form of policy from that ap-

plied for; that in accordance therewith appellant company amended the application, making it call for an "ordinary life special class A policy"; that it issued an ordinary life special class A policy in the sum of $2,500, providing for the payment of a premium of $11.93 quarterly, which said policy did not contain the disability clause called for by said application before amendment; that said policy and amended application were forwarded to appellant's superintendent at East St. Louis to be delivered to the said Charles E. Villier upon his approval, acceptance and signing of said amendment to said application; that on January 14, 1924, appellant caused said amended application and policy to be taken to the home of Villier for the purpose of obtaining his approval of said amended application and his approval of said policy; that Charles E. Villier, on January 12, 1924, being prior thereto, had departed this life, and that by reason of the fact that appellant could not obtain the approval of said amendment to said application, it was under no legal obligation to deliver said policy of insurance to appellee.

To said special plea appellee filed general replications, denying the material averments of said pleas. A trial was had, resulting in a verdict and judgment in favor of appellee for the sum of $2,500. To reverse said judgment this appeal is prosecuted.

Practically the only point at issue in this case is as to whether or not the application signed by Charles E. Villier called for a policy of insurance in the sum of $2,500 without the new disability clause, as contended for by appellee, or whether said application was for a policy for $2,300 with the disability clause, as contended for by appellant. The policy issued by appellant company was admitted in evidence, and was for the sum of $2,500 with quarterly premium payments of $11.93, and was in the form of an ordinary life policy without any disability clause.

If the application signed by Villier called for a policy such as was offered in evidence, then upon the issuance of the same by appellant company and the forwarding of it to its agent at East St. Louis for delivery to Villier, it became a binding contract of insurance, and appellee would be entitled to recover. (*Rose v. Mutual Life Ins. Co.*, 240 Ill. 45-51.) If, on the other hand, the policy applied for was for $2,300 with the payment of quarterly premiums of $10.12 with a provision for a disability clause, as contended for by appellant, and if appellant, as it contends, was not at the time empowered to issue a policy of that character, and amended said application as above stated so as to call for an ordinary life policy for $2,500 without the new disability clause, then there was no binding contract of insurance and there was and is no right of recovery on the part of appellee. (See *Covenant Mut. Ben. Ass'n of Illinois v. Conway*, 10 Ill. App. 348-353; *Palmer v. Bull Dog Auto Ins. Ass'n*, 294 Ill. 287-292; *Rowland v. Springfield Fire and Marine Ins. Co.*, 18 Ill. App. 601; *Ellis v. State Mut. Life Assur. Co.*, 206 Ill. App. 226; *Daniels Motor Sales Co. v. New York Life Ins. Co.*, 220 Ill. App. 83; *Steinsultz v. Illinois Bankers Life Ass'n*, 229 Ill. App. 199.)

That this statement of the law is correct is practically conceded by counsel representing appellee on page 5 of his printed argument, wherein he says:

"True it is, as appellant contends, if the application for insurance was in an amount of twenty-three hundred (2300.00) dollars and appellant wrote a policy for twenty-five hundred (2500.00) dollars, no one in this day and age would assert or argue that there was a meeting of minds and that a contract resulted. The policy, then, under such a state of facts, could only be construed as an offer or counter proposition and the insured would have to accept it in order to complete the contract."

Appellee testified that she was present when the application was signed by her son, Charles E. Villier,

but that she did not read the application and did not know what was in it; that she heard it read to her son and heard them talking about a $500 policy; later on, on direct examination, she stated that she meant a $2,500 policy. Appellee was later recalled and further testified that in the application signed by her son the figure $2,300 did not appear, but that the amount of $2,500 did appear on said application. Julia Villier, a daughter of appellee and a sister of Charles E. Villier, testified that the amount of the application was $2,500. No other witness on the part of appellee testified as to the terms of the application.

On the part of appellant, its secretary testified that said application was for a policy of $2,300; that the rules of the company did not provide for issuing a policy in that amount, and that the application was amended to provide for a policy of $2,500. A. J. Hadley, one of the officers of said company, testified that he examined said application and that it called for a policy of $2,300; that the company issued a policy for $2,500 instead of $2,300, as it was not issuing policies for the latter amount, and that no disability clause was contained in said policy. W. R. Bodeen testified that he was superintendent of appellant company with his office in East St. Louis; that under the heading of "Home Office Corrections and Additions," said application was amended, making the amount of policy $2,500, with quarterly premiums of $11.93, and that this was not in the application when he forwarded it to appellant company. Said witness also testified that the application signed by Villier called for an ordinary life with new disability clause form of policy.

The application offered in evidence discloses the apparent amendment as contended for by appellant, and the documentary evidence seems to bear out its contention with reference to the character of application made by Villier and its amendment, as contended for by appellant. While there is a conflict in the oral

testimony as to the amount of insurance applied for by Villier, there is no conflict in the evidence to the effect that the policy issued by appellant company did not contain a disability clause, and that such clause was called for in the application signed by Villier. Neither is there any conflict in the evidence to the effect that said application was not accepted in the form submitted, but was amended as above stated.

It therefore follows as a matter of law that before a binding contract of insurance could exist, Villier must have accepted and approved the amendment made in said application. Having died before the policy and amended application were presented to him for approval, it could not be ratified, and appellant was therefore under no obligation to deliver said policy and there could be no right of recovery on the part of appellee. Where the provisions of an insurance policy, as here, are not uncertain or ambiguous, the principles applicable to their interpretation and construction do not differ from those which govern other contracts. (*Cottingham v. National Mut. Church Ins. Co.*, 290 Ill. 26; *Old Colony Life Ins. Co. v. Hickman*, 315 Ill. 304-311.)

For the reasons above set forth the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*