## Weronika Lewandowski, Appellee, v. Western & Southern Life Insurance Company, Appellant.

### Gen. No. 30,644.

1. INSURANCE—*proof of sound health of insured on date of delivery of life policy as prerequisite to recovery in view of conditions thereof.* In an action upon a policy of life insurance stipulating that no liability should attach thereunder "unless on the

date and delivery thereof the insured is alive and well," it was incumbent upon plaintiff affirmatively to show that such condition precedent to liability had been met.

2. Insurance—*sufficiency of evidence to support direction of verdict for insurer in action on life policy conditioning liability upon sound health of insured on date of delivery.* Where in an action upon a policy of life insurance stipulating that no liability should attach thereunder unless the insured was alive and in sound health on the date and delivery of the policy, defendant's motion for a directed verdict should have been granted where the undisputed evidence showed that at the time of the issuance and delivery of the policy the insured was suffering from pulmonary tuberculosis and under treatment therefor at a sanitarium, and that his death resulted from that disease a few months thereafter.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Daniel P. Trude, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed May 25, 1926.

Hoyne, O'Connor & Rubinkam, for appellant.

Adamowski & Danaher, for appellee; Steve Adamowski and James J. Danaher, of counsel.

Mr. Justice Fitch delivered the opinion of the court.

This is an appeal from a judgment in plaintiff's favor for $236 rendered upon the verdict of a jury in an action on a policy insuring the life of plaintiff's son Edward. The policy was issued on plaintiff's application, is dated June 26, 1922, and in consideration of weekly payments of twenty cents each, provides for the payment of $472 payable to plaintiff on the death of her son. No medical examination of the insured was made by defendant and the policy does not in terms make plaintiff's application a part of the policy or refer to it in any way. On the contrary, the policy provides that "all the conditions and agreements contained on this, the preceding and succeeding pages hereof, constitute the entire contract between the com-

pany and the insured, and the holder or claimant thereof.'' It also provides: ''No obligation is assumed by the company unless on the date and delivery thereof the insured is alive and in sound health.''

The evidence shows, without dispute, that before and at the time this policy was issued, insured was not in sound health, but was suffering from pulmonary tuberculosis. Two months before the policy was issued, on the recommendation of a physician who testified that his disease was then ''far advanced,'' he was admitted to the Cook County Tuberculosis Hospital at Oak Forest, where he remained until about August 19, 1922. It was while he was in that institution that the insurance policy was issued to the plaintiff on her application. She testified that she knew he was sick and was in Oak Forest at that time and had been sent there by a doctor who was consulted in April, 1922, but she also testified that the doctor told her that her son ''just needed rest and fresh air.'' From Oak Forest he went to the Municipal Tuberculosis Sanitarium, where he died October 27, 1922.

Upon the trial, the plaintiff introduced the policy of insurance and rested. Thereupon defendant moved for an instructed verdict in its favor, but the motion was denied. This ruling was error. The stipulation in the policy to the effect that the insurance company assumed no obligation unless the insured was in sound health at the time of the delivery of the policy was a condition precedent, which it was incumbent upon the plaintiff to affirmatively prove in order to recover on the policy, and on the failure of plaintiff to prove that her son was in sound health when the policy was delivered, defendant was entitled to an instruction to find for the defendant. *Daniels Motor Sales Co. v. New York Life Ins. Co.*, 220 Ill. App. 83; *Continental Life Ins. Co. v. Rogers*, 119 Ill. 474.

It is also contended that plaintiff was guilty of fraud in procuring the policy under such circumstances, but,

as what we have said requires a new trial in any event, it will be unnecessary to consider this contention.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

BARNES, P. J., and GRIDLEY, J., concur.