Fowler et al. v. Arnold.

THOMAS H. FOWLER *et al.*, Appellants, *v.* JOSEPH W. ARNOLD, Appellee.

## APPEAL FROM SANGAMON.

In a dilatory plea, where the justice of the plaintiff's claim is not disputed, the strictest technicality is required, especially in the title of the cause, the court, and term, and time, and everything which serves to identify it with the cause in which it is intended to be filed.

THE facts of this case are fully stated in the opinion.

N. M. BROADWELL, for Appellants.

MATHENY & SHUTT, for Appellee.

CATON, C. J. This was an action of assumpsit, commenced in the court below by Joseph W. Arnold against Thomas H. Fowler, Rufus S. Lord and Edwin S. Fowler. The defendants below filed a plea in abatement of the writ, which was entitled as follows:

" THOS. H. FOWLER *et al.*
        *ats.*         In the Circuit Court of Sangamon county,
JOSEPH W. ARNOLD.           October term; A. D. 1859.

And the said defendants, by their attorneys, come and defend," etc.

On the plaintiff's motion, this plea was stricken from the files by the court, and this decision is the only one assigned for error.

In this we think the court was right. It was not properly entitled in the cause. Neither in the margin nor in the body of the plea were the names of the defendants given. Even had it been a plea to the merits, we will not say that the court would have been bound to regard it as pertaining to the case, when the names of two of the defendants in whose behalf it was filed were omitted, both in the margin and in the body of the plea. But when a dilatory plea is filed, merely for the purpose of delaying the plaintiff by putting him to another writ, while the justice of the demand is not disputed, the law requires the strictest technicality, especially in the title of the cause, the court, and term, and time, and everything which serves to identify it with the cause in which it is intended to be filed.

The judgment is affirmed.

*Judgment affirmed.*