### Metropolitan Life Insurance Co. v. Christina McKenna, Ex'x.

INSURANCE—*Provisions or Exceptions in an Insurance Policy Must be Pleaded by the Insurer.*—Clauses in an insurance policy which limit the liability of an insurance company by way of provision or exception, are solely for its benefit, and it must interpose and prove them as a defense. The insured need not notice them in his pleading or proof, to make a *prima facie* case.

Assumpsit, on an insurance policy. Appealed from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellant.

C. STUART BEATTIE, attorney for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant issued, April 23, 1894, its policy of insurance on the life of William Sheehan, by which it, among other things, agreed, in consideration of the payment of premiums therein mentioned, and upon proof of the death of the insured in the manner prescribed in the policy, to pay to his executrix $250, but provided by separate clauses of the policy that if said Sheehan should die of pulmonary disease within one year from the date of the policy, the payment should be only $125; and a further condition on which the policy was issued, was that Sheehan was in sound health at its date.

Sheehan died May 4, 1894, of pulmonary hemorrhage, the premiums according to the conditions of the policy having been paid. Proof of his death was made, as required by the policy, and appellee, his executrix and sole legatee, brought this suit to recover the said amount for which Sheehan was insured. Two trials were had before the court and a jury. The first trial resulted in a verdict for appellee of $250, but a new trial was granted. The second trial resulted in a like verdict on which the court entered judgment, from which this appeal was taken.

The contest was as to whether Sheehan was in sound health at the date of the policy, and also as to whether he died of a plumonary disease. On both these questions there was a conflict in the evidence, and from a careful examination of all the evidence, we can not say that the verdict is against the clear preponderance of the evidence. It is true, the proof of death shows Sheehan died of pulmonary hemorrhage, but there is evidence from which the jury could have found that this resulted from an injury and not disease of the lungs. A hemorrhage of the lungs may result from strain or

over-exertion. It would serve no useful purpose to discuss the conflicting evidence at length. Suffice it to say, we are of opinion another trial would probably result in a like verdict for appellee, and while we might make a different finding, we do not feel that we should, in view of the evidence in the record, disturb the verdict.

The trial court did not err in refusing to instruct the jury that appellee could not recover under the common counts, because the plaintiff did not declare on the common counts.

Appellant also complains that the court refused the following instructions asked by it, viz.:

"The court instructs the jury that the plaintiff, if entitled to recover at all, would be entitled to the full amount of the insurance only in case the insured was in sound health at the date of the policy and did not die of any pulmonary disease within one year from the date of the policy; and, therefore, the plaintiff, in order to recover the full amount of the insurance, must prove, by a preponderance of the evidence, not only that the insured was in sound health at the date of the policy, but also that he did not die of any pulmonary disease within one year from the date of the policy."

"The court instructs the jury that upon the question whether the insured died of a pulmonary disease or not, the burden of proof is not upon the defendant to show that he did die of such a disease, but if the plaintiff is seeking to recover the full amount of insurance, the burden of proof is upon her to show that the insured did not die of such a disease, but died from some other cause."

"The court instructs the jury that the plaintiff, if entitled to recover at all, can not recover the full amount of insurance covered by the policy sued on in this cause unless the plaintiff shows that the insured did not die of any pulmonary disease; and unless the

evidence shows that the insured died of some other disease than a pulmonary disease the jury can not award to the plaintiff more insurance than the plaintiff would be entitled to recover if the insured died of a pulmonary disease, even if the jury believe that the plaintiff is entitled to recover at all.''

"The court instructs the jury, that even if they believe from the evidence that the plaintiff is entitled to recover at all in this case, the plaintiff can not under the evidence in this case recover more than one hundred and twenty-five dollars.''

There was no error in refusing the first three of these instructions, because they tell the jury, in effect, that the burden of proof as to the points mentioned, was on the plaintiff. This is not the law of the case at bar. Clauses in a policy which limit the liability of the insurer by way of proviso or exception, are solely for his benefit. He must interpose and prove the defense. The insured need not notice them in his pleading or proof, to make a *prima facie* case. Sohier v. Norwich Ins. Co., 11 Allen 336; Commonwealth v. Hart, 11 Cush. 134; Freeman v. Ins. Co., 144 Mass. 572; Gooding v. United States Life Ins. Co., 46 Ill. App. 307; Clay F. & M. Ins. Co. v. Wusterhausen, 75 Ill. 285; Guardian M. L. Ins. Co. v. Hogan, 80 Ill. 35.

In the Wusterhousen case, *supra*, the Supreme Court, in speaking of a condition in a fire insurance policy, said: "It was not necessary that they (plaintiffs) should make any allegation or proof on the subject. This clause in the policy was solely for the benefit of appellant, and it was incumbent on it to interpose a breach of it, as matter of defense, if it desired to avail of such defense.'' Plaintiffs had, in their declaration, negatived the condition of the policy, as is done in the special counts in the case at bar.

The last instruction above noted takes from the

jury the question of fact as to whether Sheehan was in sound health at the date of his policy, and was therefore properly refused.

The judgment is affirmed.

Judge Adams took no part in the decision of this case.