## The National Council of the Knights and Ladies of Security v. John J. O'Brien.

### Gen. No. 11,083.

1. APPLICATION FOR INSURANCE—*effect of false statements in.* The statements and representations contained in an application for insurance are warranties, and if untrue, will defeat recovery upon a contract of insurance based thereon.

2. RULINGS OF COURT—*scrutiny subjected to.* Where the conflict in the evidence is serious, the trial court should exercise exceeding care in the admission or exclusion of evidence, and his rulings thereon will on appeal be subjected to a close scrutiny.

3. CERTIFICATE OF DEATH—*when, competent.* A death certificate which purports to show of what disease a particular person died, is

competent as tending to prove the death of such person from such cause, where it is produced from among public records kept pursuant to statute.

4. CERTIFIED COPY—*when competent.* Public records may be proven by duly certified copies thereof.

5. INSTRUCTION—*when, improperly appeals to sympathy.* An instruction which tells the jury that they should decide the case "in the same manner as if the widow was plaintiff in this case, and not the brother," is improper as making an appeal for sympathy.

Action of assumpsit on benefit certificate. Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the March term, 1903. Reversed and remanded. Opinion filed January 25, 1904.

**Statement by the Court.** Appellant is a benefit society, organized upon the lodge plan. March 24, 1900, it issued a certificate for $2,000 to Michael O'Brien, based upon his written application, naming appellee, the brother of the assured, as beneficiary. Michael died August 7, 1900, of pulmonary tuberculosis. Appellee brought suit upon the certificate. The defense interposed was that the answers of deceased to some of the questions contained in the application were false. The trial resulted in a verdict and judgment for appellee, from which this appeal was perfected.

A. W. FULTON, for appellant.

P. B. FLANAGAN and C. L. MAHONY, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

It is admitted by appellee "that the statements and representations contained in the application were warranties, and that if any of the statements or representations were found by the jury to be untrue, the plaintiff could not recover in this case." This frank admission relieves us of the labor of citing authorities and stating the facts of this case to establish what is undoubtedly the law governing us herein.

There is a serious conflict in the evidence as to whether certain of the answers contained in the application were true or false. Hence the trial court should have been very

42 APPELLATE COURTS OF ILLINOIS.

VOL. 112.] Nat. Council Knights & Ladies of Security v. O'Brien.

careful in the admission and exclusion of offered evidence tending to make such question clear.

The assured in his application stated, under the head of "Family History," that one of his sisters had died of pneumonia after a sickness of only eight days; and that none of his sisters had been affected with consumption. Appellee, called by appellant, testified that one of the dead sisters, named Mary Ann O'Brien, lived on Chatham street, Chicago, at the time of her death, and that Maloney was the undertaker. Appellant then offered a certified copy of the original certificate of death of Mary Ann O'Brien on file in the office of the county clerk of Cook county, Illinois, and recorded therein. This certificate showed that Mary Ann O'Brien died November 14, 1893, at 29 Chatham street, Chicago, of phthisis pulmonalis; that the duration of the disease was one year, and that Maloney was the undertaker. To the admission of this paper appellee made a general objection, and the learned trial judge in passing upon the objection, and in reply to the statement of counsel that the county clerk would not let him bring up the original, said: "That don't make any difference. That wouldn't be any evidence of what she died of. If he (the witness) knows anything personally of what she died of, he can testify to it." In sustaining an objection to a similar paper, produced, however, from the records of the department of health of the city of Chicago, and for that reason incompetent, the court made his attitude clear as to this class of testimony by saying: "You will have to bring witnesses here to court if you want to prove what they died of. You cannot prove it in any other way that I know of." In this ruling the court committed reversible error. Hurd's R. S., sec. 4, ch. 126a, makes it the duty of all physicians to report to the county clerk, within thirty days from their occurrence, all deaths which may come under their supervision, with a certificate of the cause of death, etc. Section 5 of the same act provides for a like report by others when no physician is in attendance. Section 8 directs the county clerk to keep a record of all such deaths, etc., and to report

the same to the State Board of Health. These entries thus made by authorized public agents in the course of public duty are matters in which the whole public is interested, and, therefore, they form an exception to the general rule that evidence must be given under oath and subject to cross-examination, for they may be proved by copies properly certified. "Registers of births, deaths and marriages made pursuant to the statute. and within its requirements are admissible in evidence to prove the facts recorded. On account of the credit due to the officials empowered to record the facts in the public interest, such registers are evidence of the facts without the usual tests of truth. 1 Greenleaf on Evidence, sec. 484." Howard v. Bank, 189 Ill. 572.

The first instruction given for appellee is vicious, in this, that it calls upon the jury to decide the case "in the same manner as if the widow was plaintiff in this case, and not the brother," thereby making an indirect bid for the sympathy of the jury.

Other contentions of appellant need not be considered.

Because of the error first mentioned, the judgment of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*