---

(No. 13592.—Reversed and remanded.)
JOHN G. PRATT *et al.* Appellants, *vs.* WILLIAM B. HARRIS *et al.* Appellees.

*Opinion filed December 21, 1920.*

1. DRAINAGE—*failure to give proper notice of filing petition is not ground for dismissing it.* Failure to give proper notice of the filing of a petition for the organization of a drainage district under the Levee act only deprives the court of jurisdiction of the persons of the parties interested and is not ground for dismissing the petition, as the statute and the filing of the petition give the court jurisdiction of the subject matter.

2. SAME—*what is not a limited appearance on behalf of objectors.* Where the petitioners for the organization of a drainage district under the Levee act move for a change of venue from the court in which the petition was filed, objectors who appear "by their attorney" and object to the motion, assigning reasons therefor, do not make a limited appearance but give the court jurisdiction of their persons.

3. JURISDICTION—*plea to jurisdiction must be pleaded in person.* A plea to the jurisdiction of the person must be pleaded in person and not by attorney, and if pleaded by attorney it admits the jurisdiction of the court unless it is apparent on the face of the record why the court does not have jurisdiction.

4. SAME—*what objection to jurisdiction of person is not apparent on face of record.* An objection that the notices of hearing on a petition for the organization of a levee drainage district, which purport to be given by the county clerk as required by law, were given without his knowledge or authority, is not an objection apparent on the face of the record.

APPEAL from the County Court of Cass county; the Hon. JOHN GREENWAY, Judge, presiding.

J. J. NEIGER, EDWARD C. CRAIG, and DONALD B. CRAIG, for appellants.

W. H. DIETERICH, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

John G. Pratt and others filed their petition in the county court of Cass county April 28, 1920, for the organization of certain lands described into the Sangamon Valley Drainage and Levee District. Pratt was active in promoting the organization of the district and employed counsel for that purpose. On the same day the petition was filed Pratt withdrew it from the files and took it to his attorney for the purpose of preparing notices to be given of a hearing on the petition. Notices were prepared, published and posted that a hearing would be had on the petition May 24, 1920. The notices bore the name of the county clerk and were published and posted in the manner the statute provides in such cases. On the day fixed for the hearing William B. Harris and several other owners of land in the proposed district come by "their attorney and enter their limited appearance herein and object to the jurisdiction of the court and move to dismiss the said petition, and for cause of their motion state that the clerk of the county court of Cass county never gave, or caused to be given, notice of the presentation and filing of such petition, as provided by law." Affidavits of others than the county clerk were filed as to the fact of the pub-

lication and posting of the notices. Henry Jacobs, county
clerk of Cass county, was called by the objectors and tes-
tified orally that he never gave any notice of the filing and
hearing on the petition; that he was never requested by
anyone to give such notice and never authorized anyone to
give such notice for him; that the notices were not signed
by him, and he never authorized anyone to sign his name
to a notice. The clerk testified that he talked with Pratt
the day fixed for the hearing, and Pratt said he had gone
along and given the notices and thought it would be all
right. The clerk told him he (Jacobs) was not interested
in the case, and that it was all right with him if the judge
thought it was all right. We are warranted in concluding
from the testimony of the clerk, Pratt and his attorney that
the notices were prepared, or the form of them, by Pratt's
attorney and were published and posted without the knowl-
edge or direction of the clerk. The motion to dismiss was
heard May 24 by the judge of the county court of Cass
county but was not decided that day, and the court ad-
journed to the day following. May 25 the petitioners filed
a motion and petition to change the venue from the county
judge of Cass county. The record shows that the objectors
"by their attorney" objected to the change of venue at that
time for the reason the hearing was set for the day before,
that they had submitted their proof of purported notices
given, and the court had indicated his position. The court
granted the motion for a change of venue, and a further
hearing was postponed until June 1 before the county judge
of Mason county, who, as we understand it, heard the
oral and documentary evidence to which we have referred
and entered an order dismissing the petition for want of
jurisdiction. Petitioners have prosecuted this appeal to this
court.

We are of opinion that even if the notices of the time
and place of the hearing were insufficient and the court
never acquired jurisdiction of the persons of the objectors,

the court had jurisdiction of the subject matter and erred
in dismissing the petition. On that question this court said
in *Donner* v. *Highway Comrs.* 278 Ill. 189: "The statute
confers jurisdiction on county courts to organize drainage
districts. The petition in question, when filed in the county
court, together with the statute, gave the court jurisdiction
of the subject matter." Notice is required to be given of
the filing and hearing on the petition of the parties inter-
ested, for the purpose of giving the court jurisdiction of
their persons, and if notices were not given in accordance
with the requirement of the statute the court did not lose
jurisdiction of the subject matter, but the hearing should
have been postponed to a future date so that the required
notice could be given. The only ground assigned by ap-
pellees for their motion to dismiss the petition was, that
the county clerk had never given, or caused to be given,
the notices. The statute requires the clerk to cause notice
to be given, but, as we have said, his failure to do so did
not authorize the dismissal of the petition.

Furthermore, it is insisted by appellants that appellees
entered their appearance. It cannot be doubted that appel-
lees could have waived service by notice and have given
the court jurisdiction of their persons by entry of their
appearance. In their motion to dismiss, they by their at-
torney entered their limited appearance for the purpose of
making the motion to dismiss for want of jurisdiction. The
common law rule is, that a plea to the jurisdiction of the
person must be pleaded in person and not by attorney. If
pleaded by attorney it admits the jurisdiction of the court.
*Mineral Point Railroad Co.* v. *Keep,* 22 Ill. 9; 31 Cyc. 166;
21 R. C. L. 543.

Appellees rely on *Louisville and Nashville Railroad Co.*
v. *Industrial Board,* 282 Ill. 136. There a motion was made
by attorney limiting the party's appearance for the purpose
of the motion to dismiss the proceeding for want of juris-
diction. It was objected that the question of jurisdiction

could not be raised by attorney but must be raised in person. The court referred to *Mineral Point Railroad Co.* v. *Keep, supra,* and said the question might be raised by motion by attorney "where the objection is apparent on the face of the record." In this case the objection was not apparent on the face of the record and parol evidence was required to show why the court did not acquire jurisdiction. The record further shows that on the day the motion for a change of venue was made, again "come the objectors by their attorney" and object to the motion, assigning reasons for such objection. This was not a limited appearance for any purpose, and we are of opinion it must be held appellees by their appearance gave the court jurisdiction of their persons.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*