## Ellen Hatch, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.

1. FRATERNAL ASSOCIATIONS—*burden of proving defenses pleaded.* In an action on a benefit certificate issued to the husband of plaintiff the burden of proving defenses set up in special pleas based upon the expulsion of deceased from the society for engaging in an unauthorized strike, was upon defendant.

2. TRADE UNIONS—*joining forbidden strike is not ground to expel member.* A member of the Brotherhood of Railroad Trainmen cannot be expelled for a violation of section 11 of its constitution by engaging in an unauthorized strike unless he has been tried and convicted and, it being a corporate body, expulsion must be proven by the records of the order, and where no showing was made of a trial and conviction there was no valid expulsion.

3. FRATERNAL ASSOCIATIONS—*waiver of ground of forfeiture by insistence on other ground.* In an action on a benefit certificate issued by defendant it was in no position to insist upon a forfeiture of the rights of insured for nonpayment of dues where, after an illegal attempt to revoke its charter, the lodge of which he was a member refused to accept his dues when tendered, and when he then sent the money to the secretary of the Grand Lodge it was returned with a statement that he could not accept it and that it would be necessary for the member to apply for a transfer to another lodge.

4. FRATERNAL ASSOCIATIONS—*revocation of charter of local lodge.* Where the constitution of a beneficiary society provides for suspension or revocation by the president of the charter of a local lodge for certain reasons, but also provides that a charter shall not be suspended until the lodge has been notified and the opportunity given to answer, an attempted revocation of the charter of a lodge by the president, acting arbitrarily without giving it notice of the charges against it or opportunity to answer them, was without authority of law and cannot be permitted to affect the rights of the members or their beneficiaries.

5. FRATERNAL ASSOCIATIONS—*when admissions of member as to revocation of charter of local lodge do not estop.* Where the admission of an insured member of a beneficial order that the charter of the lodge of which he was a member was revoked, made in his application to be transferred to another lodge, was in accordance with the repeated assertions of the order and was necessary before he could be transferred to another lodge, but was contrary to the fact of which the order had actual knowledge, it did not change its position because of such admission and there are no elements of estoppel or waiver involved in an action by the beneficiary on the certificate issued to such member.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

WILLIAM P. LAUNTZ, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This suit is upon a benefit certificate issued by appellant to the husband of appellee in which she was named as the beneficiary. The insured died November 6, 1920, and payment was refused. To a declaration in the usual form appellant filed the general issue and four special pleas in which it charged that the insured engaged in a strike on April 8, 1920, in violation of section 11 of the Constitution for which he was expelled; that he had not paid his dues and assessments for more than four months prior to his death and under sections 129 and 141 of the Constitution he had ceased to be a member; that the charter of his lodge was revoked and he did not apply for a transfer to some other lodge within 30 days as provided in section 44 of the Constitution, and that by reason thereof his certificate became null and void; that members of his lodge engaged in an unauthorized strike in violation of section 11 of the Constitution and the lodge failed to cause charges to be preferred against them as required by said section

for which reason the charter of the lodge was revoked by the President of the Grand Lodge and the insured was never reinstated or transferred to any other lodge.

So far as the defenses set up in the special pleas are concerned the burden of proof was upon appellant. *Supreme Tent Knights of Maccabees of World v. Stensland,* 206 Ill. 124; *Knights Templars' & Masons' Life Indemnity Co. v. Crayton,* 209 Ill. 550. A member cannot be expelled for a violation of section 11 of the Constitution unless he has been tried and convicted. Expulsion must be proven by the records of the Order as it is a corporate body. *Supreme Lodge of Ancient Order of United Workmen v. Zuhlke,* 129 Ill. 298; *Independent Order of Foresters v. Zak,* 136 Ill. 185. No showing was made of a trial and conviction so there was no valid expulsion for engaging in an unauthorized strike, nor is there any evidence that the insured participated in the strike.

Under sections 129 and 141 of the Constitution it was the duty of a member to pay his dues and assessments monthly, in advance, and for a failure to do so he ceased to be a member without any proceedings on the part of the Order. Appellant contends that Main Lodge No. 545, of which the insured was a member, became defunct on April 20, 1920, when its charter was revoked by the President of the Grand Lodge and that there was no one authorized to accept dues and assessments from the insured until he secured a dispensation and was transferred to another lodge. The evidence is to the effect that after the alleged revocation of the charter the insured tendered his dues and assessments to his local lodge officer who refused to accept the same. He then sent the money to the Secretary of the Grand Lodge and the same was returned with a statement that he could not accept it and that it would be necessary for him to apply for a transfer to another lodge. If the revocation of the charter was illegal and void and appel-

lant refused to accept the dues and assessments when tendered, it is in no position to insist upon a forfeiture for the nonpayment thereof. *The Travelers' Insurance Co. v. Pulling,* 159 Ill. 603.

Unless the charter of Main Lodge No. 545 was lawfully revoked by the President of the Grand Lodge no valid ground of forfeiture was shown. Section 11 of the Constitution provides that the lodge under whose jurisdiction an unauthorized strike occurs shall, within ten days thereafter, cause charges to be preferred against any and all members engaged in such strike and that if this is not done the charter of the lodge may be revoked by the President of the Grand Lodge, who may transfer to other lodges the members not participating in such strike.

Section 42 of the Constitution provides that the charter of a lodge may be suspended or revoked by the President of the Grand Lodge for improper conduct; for refusing or neglecting to conform to the constitution and general rules and regulations of the Brotherhood; for neglecting or refusing to bring an officer or member to trial when directed to do so by the president and for five other reasons not necessary to mention. It further provides that the charter shall not be suspended for any of the said reasons until the lodge has been notified, and the opportunity given to answer charges made against it, and that if it refuses to answer charges made against it the charter shall be suspended or revoked as the president may determine.

The evidence is that Main Lodge No. 545 was not notified of any charges against it and that no opportunity was given it to answer charges and that it never refused to answer. The president arbitrarily revoked the charter without giving the lodge a hearing. We know of no law that authorized him to ignore the provisions of appellant's constitution and none has been cited. A revocation could only be effected by a compliance with the constitution. The

revocation was without authority of law and cannot be permitted to affect the rights of the members or their beneficiaries.

It is argued that in his application to be transferred to another lodge which was made three days before his death the insured admitted that the charter of Main Lodge No. 545 was revoked. While he made that admission, it clearly appears that appellant had repeatedly asserted that such was the fact and that it was necessary for the insured to make the application before he could be transferred to another lodge. The admission of the insured was contrary to the fact of which appellant had actual knowledge. Appellant did not change its position because of the admission. There are none of the elements of an estoppel. (*Holcomb v. Boynton*, 151 Ill. 294) or waiver (*Ferrero v. National Council of Knights and Ladies of Security*, 309 Ill. 476).

The judgment is in accordance with the law and the evidence and it is affirmed.

*Affirmed.*