## Elizabeth Hamer, Appellee, v. Globe Mutual Life Insurance Company, Appellant.

### Gen. No. 31,072.

1. INSURANCE—*allegation and proof of falsity of answers in application.* Answers to questions in his application for life insurance by the insured, if they are untrue, must be so alleged and proved by the insurer to be used as a defense against insurance claim by the beneficiary.

2. INSURANCE—*burden of proof as affected by incorporating restatement of application in policy.* Insurer may not reverse the rule that burden is on it to prove that the insured's answers to his application questions were untrue by incorporating a practical restatement of the application agreement in its policy.

3. INSURANCE—*provisions for good health when policy delivered.* If insurer wishes it conditioned precedent to beneficiaries collecting insurance, that insured be in sound health when the policy is delivered, it must insert that provision by clear language in the policy.

4. INSURANCE—*when good health of insured on date of policy established prima facie.* Plaintiff in her suit against a life insurance company made out a prima facie case of sound health of the insured on date of policy by the Medical Examiner's Report stating the applicant was in perfect health and a good risk at the time of the examination which may be presumed in absence of evidence to the contrary to hold true at the date of the policy two months later.

5. INSURANCE—*when death certificate admissible as to cause of death.* Death certificate, complying with statutory requirements, and showing insured had suffered from alcoholism for two years prior to his death, contrary to his statement in his application, was competent and material evidence for the insurer on suit against it for insurance under a policy providing the company should be released from liability if insured should die from alcohol used to excess within one year of policy's date.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed and cause remanded. Opinion filed December 29, 1926.

A. W. FULTON and S. J. FULTON, for appellant.

ALBERT A. LUTHMERS and EDWARD G. PURKHISER, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant company seeks to reverse a judgment for $2,213.80, recovered against it by the plaintiff in an action brought by the latter in the circuit court of Cook county, based upon an insurance policy issued by the defendant company to the plaintiff's husband. The issues were submitted to the trial court without a jury, resulting in a finding for the plaintiff and the entering of the judgment appealed from.

In support of its appeal the defendant contends that the trial court erred in denying its motion for a finding in its favor, at the close of the plaintiff's evidence, on the ground that the plaintiff had failed to make out a prima facie case, inasmuch as she submitted no evidence showing or tending to show that her husband was in sound health on the date of the policy. This contention was based upon a paragraph in the policy which was entitled, "Preliminary Provisions," which provided that "This policy shall not take effect if the insured, on the date hereof, is not in sound health, or if before its date the insured has been rejected by any company, association, or society, or has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease, chronic bronchitis, cancer or disease of the heart, liver or kidneys, unless otherwise stated in the application, copy of which is hereto attached as evidence thereof, or if payable to a person having no insurable interest in the life of the insured." It is the defendant's position that this paragraph, being included in the policy itself, it was a necessary part of the plaintiff's prima facie case to show that her husband was in sound health on the date of the policy. It is the contention that the sound health of the insured

on the date of the policy was a condition precedent, within the definition of that expression as set forth in the textbooks on the law of insurance, referring to the subject. Cooley's Brief on the Law of Insurance, Vol. 2, p. 1151; 1 Joyce on Insurance, secs. 97a, 1951a.

In the first place it should be noted that although the plaintiff alleged in her declaration that her husband, "during his lifetime, in all respects complied with the conditions of the policy of insurance," the defendant did not file a plea of the general issue, but, by a special plea, alleged that the policy provided that it would not take effect if the insured, "before or on the date of the policy, was not in sound health," and then averred that "the insured was not in sound health upon the date of the policy but on the contrary was in unsound health, and that the policy never took effect." This pleading would indicate that the defendant was treating this matter as an affirmative defense, on which it had the burden of proof.

In support of its contention the defendant cites *Daniels Motor Sales Co. v. New York Life Ins. Co.,* 220 Ill. App. 83, and other similar cases. There the contract of insurance contained a clause appearing in the application, which presumably was signed by the insured, in which the latter agreed "that the insurance hereby applied for shall not take effect unless the first premium is paid and the policy delivered to and received by me during my lifetime and good health." It was provided that the application should form a part of the contract of insurance. It was held that the clause quoted amounted to a condition precedent making it incumbent upon the plaintiff to prove affirmatively that the insured was in good health at such time, before it could recover upon the policy.

In our opinion the "Preliminary Provisions" paragraph appearing in the policy involved here may not reasonably be given that effect. A document appearing in this record, and referred to by counsel for the

defendant, at the time it was offered, as "the regular application," contains a number of questions with the answers given by the insured and written down by the medical examiner and thereafter signed by the insured. One of these was, "Are you now in sound health?" The answer given was, "Yes." Another question was whether the insured was or had even been affected by any of 17 specified diseases, to which the answer given was, "No." Another question asked the insured was whether he had ever had any serious illness or disease other than such as may have been specified in the answer to the question just referred to, and the answer was, "No." Another question asked the insured was when was he last attended by a physician and the answer given was, "Eighteen years ago." The insured was then asked for what complaint he was then treated and he answered, "Abdominal pain." It was said by the Supreme Court in *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, that "the rule seems to be well settled in this State that it is not necessary for the plaintiff, in an action on the policy, to either allege or prove such matters as appear in the application, only. To be availed of as a defence, without regard to whether they are warranties, or representations, merely, their falsity or breach by the assured must be set up and proved by the defendant, as a matter of defence." The statement appearing in the "Preliminary Provisions" paragraph of the policy involved here is merely a statement by the Insurance Company of substantially what the assured agreed to in connection with his application when he signed a statement immediately following the questions and answers above referred to, which statement was to the effect that the parties agreed "that the above questions and answers * * * are material to the risk, and any untrue or false statement or answer made to the examining physician, agent or other person, shall make the policy null and void." In this

statement signed by the assured in connection with his application, he further declared that the answers to the foregoing questions were true and that they were to form the basis of the contract of insurance proposed to be issued and "that if a contract of insurance is issued it shall not be binding on the Association (defendant) unless upon its date and delivery, I shall be alive and in sound health." It is the long established rule in this State, as pointed out in the *Rogers* case, *supra,* that representations or warranties made by the insured, in answer to questions put to him in connection with his application, and making up a part of that application, if in fact untrue, to be availed of by the insurer as a defense, must be set up and proved by the defendant insurer. In our opinion the insurer may not reverse that rule as to burden of proof, by including a clause in the body of the policy which amounts to a restatement in the language of the insurer, of the agreement to which the insured has subscribed in making his application. If such were the effect of a paragraph like the one involved here, and it should be held that by reason of that paragraph appearing in the body of the policy, it was a part of the plaintiff's *prima facie* case, in an action on the policy, to show that the insured was in sound health on the date of the policy, it would necessarily also have to be held that for a similar reason it was a further part of the plaintiff's prima facie case to show that before the date of the policy the insured had not been rejected by any company; had not been attended by a physician for any serious illness; had never had "any pulmonary disease, chronic bronchitis, cancer or disease of the heart, liver or kidneys, unless otherwise stated in the application," and that the policy was payable to one who had an insurable interest in the life of the insured. In our opinion, any such ruling would be unreasonable because of the considerations which have given rise to the rule which makes these

representations made by the insured matters of defense. In the application found in this policy, and in practically all similar applications, an insured is asked many questions, reviewing his physical history, with regard to a large number of diseases and complaints. If all these matters are to be made a necessary part of a prima facie case in any action brought on a policy, after death has occurred, frequently long after the policy has been issued, then such contracts of insurance would be practically of no value. On the other hand, if the insurer has reason to believe that any of these representations or warranties is false, then they should be required to so allege and prove.

In *Metropolitan Life Ins. Co. v. McKenna,* 73 Ill. App. 283, it appeared that a condition on which the policy there involved was issued was that the insured was in sound health at its date. The contest in that case was as to whether he was in fact in sound health at that time and also as to whether the cause of his death was tuberculosis. The court was requested to instruct the jury that in order to recover the plaintiff must prove, by a preponderance of the evidence, that the insured was in sound health at the date of the policy and also that he did not die of any pulmonary disease. It was held that that instruction was properly refused as it did not state the law. The court said: "Clauses in a policy which limit the liability of the insurer by way of proviso or exception, are solely for his benefit. He must interpose and prove the defense. The insured need not notice them in his pleading or proof, to make a *prima facie* case."

If the insurer wishes to make it a condition precedent to the right of the beneficiary to collect the insurance provided for, that the insured be in sound health at the time the policy is delivered, then, in our opinion, that must be accomplished by language in the policy, clearly to that effect. It may not be done by some paragraph in the body of the policy, substan-

tially amounting to a recital of the agreement which the insured has made in his application in the course of his answers to questions there put to him.

Moreover, in our opinion the plaintiff's evidence, as it appears in this record, made out a prima facie case, as far as sound health is concerned. The photographic copy of the policy, as it was introduced by the plaintiff, has attached thereto a sheet entitled, "Medical Examiner's Report." This consists of a series of questions put to the insured, the answers given by him to the medical examiner and written in by the latter, and a statement or agreement as to the effect these answers shall have, and further providing that if a policy is issued it shall not be binding unless upon its date and delivery the insured shall be alive and in sound health. This is signed by the insured and witnessed by the signature of the medical examiner. The appearance of this photographic copy of the Medical Examiner's Report is such as to indicate that there was another part to the report, appearing below. This is further shown by the fact that apparently a photographic copy of the same document was later introduced by the defendant as a copy of "the regular application and the one that is photographed and attached to the policy," as defendant's counsel described it when it was offered. That exhibit is an exact reproduction of the Medical Examiner's Report, as we find it attached to the photographic copy of the policy introduced by the plaintiff, down to the signature of the insured and that of the medical examiner as a witness, after which appears a further part of the document, entitled, "Medical Examiner's Certificate." This is signed by the medical examiner and consists of a number of answers written in by him, to questions put to him by the insurer, as the medical examiner. In one of these questions he is asked to state the personal appearance of the applicant, as to health. There he wrote, "Good." Another question was, "Is the

applicant, in your opinion, a first class, fair, average or poor risk?'' In answer to that question the examiner wrote, ''First class.'' At the end of the series of questions and answers appearing in this certificate is a place designated for ''Remarks,'' and at that point the examiner wrote, ''Appears in perfect health and a good risk.'' This may reasonably be taken as some evidence, at least enough to make out a prima facie case, that the insured was in good health on the date of his application and the day the certificate was executed by the medical examiner, which, according to that document, was on September 23, 1922. The policy itself bears the date, November 20, 1922. Nothing appearing to the contrary, at least so far as the plaintiff's prima facie case is concerned, it would properly be assumed that the health of the insured continued after September 23, 1922, and up to the time the policy was dated, to be as the examiner described it on the first mentioned date.

The defendant makes the further contention, in support of its appeal, that the trial court erred in sustaining plaintiff's objection to its offer of a certified copy of the certificate of death of the insured. Among the defenses interposed by the defendant in its special pleas, the defendant set up that one of the questions in the application signed by the insured was as to whether he had ever used wine, spirits or malt liquors, to which he had answered in the negative, and that this, in fact, was untrue as he had been addicted to the use of such liquors. By another special plea, the defendant alleged that under the terms of the policy it was released from all liability thereunder, if, within one year from its date the insured should die from the use of narcotics, alcohol or stimulants to excess, and the company alleged that within one year following the issuance of the policy the death of the insured did result from the use of narcotics, alcohol or other stimulants, or from alcoholism. The policy was received in

evidence. It contains such a provision as is referred to in the plea last mentioned. The certified copy of the certificate of death states that the death occurred on July 15, 1923, which was within nine months after the date of the policy, and that the cause of death was gastric hemorrhage, due to ulcer, and that the contributory cause was hyperthrophic cirrhosis of the liver, due to alcoholism, the duration of which had been two years. The certificate of death gave the name of the attending physician who had signed the medical certificate of death. In support of the ruling of the court, the plaintiff contends that the ruling was proper by reason of the fact that the defendant did not lay a proper foundation for the introduction of the death certificate, by showing that it met the statutory requirements as to form of certificate prepared by the Board of Health of the State of Illinois. The certified copy offered in evidence is entitled as follows. "Department of Health of the City of Chicago. Bureau of Vital Statistics. Standard Certificate of Death." After setting forth the personal and statistical particulars of the deceased, and the medical certificate of death, the date of the death and of the burial, the place of the burial, and the names of the attending physician and the undertaker, there appears the affidavit of M. O. Heckard, M. D., to the effect that he is the Registrar of Vital Statistics of the City of Chicago, and certifies "that the foregoing is a true copy of the records kept by me in pursuance of the laws of the State of Illinois and the ordinances of the City of Chicago." In our opinion, this document was both competent and material and the trial court erred in sustaining plaintiff's objection to it. *Hancock v. National Council, Knights & Ladies of Security,* 230 Ill. App. 654; *O'Kane v. National Council, Knights & Ladies of Security,* 227 Ill. App. 369; *National Council, Knights & Ladies of Security v. O'Brien,* 112 Ill. App. 40; *Howard v. Illinois Trust & Savings Bank,* 189 Ill. 568; 1 Greenleaf on Evidence, sec. 184.

For the error of the trial court in refusing to admit the certified copy of the death certificate in evidence, the judgment of the circuit court is reversed and the cause is remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

TAYLOR, P. J., and O'CONNOR, J., concur.