# Dora Wade, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.

1. PLEADING—*necessity that plea in abatement should give a better writ.* A plea in abatement averring t'at' the defendant is neither a corporation nor a partnership, but is a voluntary unincorporated association of railroad trainmen, and that it cannot be sued as a legal entity, is defective in failing to give a better writ in not stating the names of members to be made defendants.

2. PLEADING—*necessity of entitling plea as of a term of court.* A plea in abatement that is not entitled as of any term of court is demurrable.

3. PLEADING—*necessity that plea to jurisdiction of person be pleaded in person.* A plea to the jurisdiction of the person of a voluntary unincorporated association must be pleaded in person and not by attorney.

4. FRATERNAL BENEFICIARY ASSOCIATIONS—*when member does not elect to abandon membership.* A member of a lodge of an association of railroad trainmen by failing, after the revocation of the charter of the lodge, to apply for transfer to some other lodge, as required by the rules, does not thereby elect to abandon his membership, where, because of his participation in an unauthorized strike, an application for transfer could not be granted under the rules.

5. FRATERNAL BENEFICIARY ASSOCIATIONS—*when plea relating to payment of dues is bad as plea of estoppel.* In an action against a fraternal order upon an insurance certificate, a plea averring that dues were to be levied by a certain officer and that plaintiff was estopped by the facts from maintaining the action was bad as a plea of estoppel where there was no averment that any dues were actually levied or that the insured failed to pay them.

6. FRATERNAL BENEFICIARY ASSOCIATIONS—*plea setting up two defenses as bad for duplicity.* In an action against a fraternal order upon an insurance certificate, a plea that the insured was not in good standing at the time of his death because, after the revocation of the charter of his lodge, he failed to apply for a transfer to some other lodge, and because he failed to pay dues and assessments, sets up two grounds of defense and is bad for duplicity.

7. FRATERNAL BENEFICIARY ASSOCIATIONS—*when plea relating to cause of not preferring charges against member is bad as plea of estoppel.* In an action against an association of railroad trainmen upon an insurance certificate, a plea averring that the insured, after the revocation of the charter of his lodge, refused to apply for transfer to some other lodge and thereby prevented charges from being preferred against him for participating in an unauthorized strike, that he therefore abandoned

his membership, that the beneficiary is estopped from claiming that charges were not preferred against him and that the beneficiary is estopped from maintaining the action was bad as plea of estoppel.

8. FRATERNAL BENEFICIARY ASSOCIATIONS—*when beneficiary not required to exhaust remedy within the order before beginning suit.* Where the constitution of a fraternal order requires a claimant to exhaust her remedies by appeal within the order before beginning suit on the insurance certificate, but does not authorize a general officer to take action in the matter until proofs of death are submitted to him, upon rejection of an alleged claim by him, on receipt of a letter from the beneficiary's attorney merely asking for blank forms upon which to make proofs of death, the beneficiary is not required first to appeal from the adverse decision of the officer or the decision of the board approving his decision, since she had not yet presented a claim.

9. FRATERNAL BENEFICIARY ASSOCIATIONS—*sufficiency of declaration against unincorporated association to support judgment for plaintiff.* A declaration in an action against a voluntary unincorporated association of railroad trainmen upon an insurance certificate is not insufficient to support a judgment for plaintiff on the theory that defendant is not a legal entity, where no demurrer was filed to the declaration and no motion was made in arrest of judgment.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928. Rehearing denied February 28, 1928.

KRAMER, KRAMER & CAMPBELL, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This action is upon an insurance certificate issued by appellant to the husband of appellee in which she was named as the beneficiary. The insured was a member of Main Lodge No. 545, which was a subordinate lodge of appellant. He died October 6, 1926. A plea in abatement to the jurisdiction of the court over the person of appellant was filed, to which a demurrer was sustained. Other pleas were then filed and demurrers sustained. Later, appellant filed its amended second, third, fourth and fifth pleas and demurrers thereto were sustained. Thereupon the court entered

judgment in favor of appellee for $1,800 and costs of suit. Appellant contends that the court erred in sustaining the demurrers to the several pleas aforesaid.

The plea in abatement avers that appellant is neither a corporation nor a partnership, but is a voluntary unincorporated association of railroad trainmen, known as a labor union, etc. Appellant contends that it is not, therefore, a legal entity and that it cannot be sued as such in a court of law, but that all of its members must be made defendants. The plea does not state the names of the members and for that reason it failed to give appellee a better writ, and the court did not err in its ruling. *Keokuk & Hamilton Bridge Co. v. Wetzel,* 228 Ill. 253. The demurrer was also properly sustained because the plea was not entitled as of any term of court. *Fowler v. Arnold,* 25 Ill. 284; *People v. Bouderioyni,* 299 Ill. 96. While there are cases to the contrary, the latest utterance of our Supreme Court is to the effect that a plea to the jurisdiction of the person must be pleaded in person and not by attorney. *Pratt v. Harris,* 295 Ill. 504. That rule would probably not apply where the defendant is a corporation aggregate. *Nispel v. Western Union R. Co.,* 64 Ill. 311. The plea in question is pleaded by attorneys and for that reason the demurrer was properly sustained.

The amended second plea covers eight pages of the abstract and it is too lengthy to copy in this opinion. It states the nature and purpose of appellant's organization; that it has a constitution and general rules and a beneficiary fund; that it issues insurance certificates to its members; that section 129 of the constitution of its subordinate lodges provides that monthly dues shall be levied by the general secretary and treasurer, which shall be payable on or before the first day of each month; that by section 141 a failure to pay dues and assessments on or before the last day of the month shall operate as an expulsion of the

member; that under section 42 of the Grand Lodge the president of said Grand Lodge may revoke the charter of the subordinate lodge if it neglects or refuses to bring an officer or member to trial when directed by the president to do so; that by section 43 when a charter is surrendered or reclaimed by the president of the Grand Lodge, the subordinate lodge shall be known as a defunct lodge; that by section 44 a member of a defunct lodge may procure a withdrawal card to join another lodge; that by General Rule No. 10, the president of the Grand Lodge had authority to sanction a strike under certain conditions; that under General Rule No. 11, if any member incited an unauthorized strike or participated therein, he shall, upon conviction thereof, be expelled; that it was the duty of his lodge, within 10 days, to cause charges to be preferred against such member, and if this were not done the charter of the lodge may be revoked by the president of the Grand Lodge, who may transfer to other lodges the members not participating in such unauthorized strike.

The plea then avers that the insured and other members of his lodge participated in an unauthorized strike; that the president of the Grand Lodge notified the members of Lodge No. 545 that it was the duty of the lodge, within 10 days, to prefer charges against all members engaged in such strike; that said lodge ignored the notice, whereupon the president of the Grand Lodge revoked the charter of Lodge No. 545; that he notified the insured of the revocation of the charter and informed him that he must apply for a transfer to some other lodge within 30 days thereafter; that Lodge No. 545 and its officers and members acquiesced in the said revocation of the charter and no appeal was ever taken by the lodge or any member thereof, although the lodge had the right of appeal.

The plea then avers that the insured having full knowledge of the revocation of the charter and know-

ing that he must, within 30 days, if he desired to continue his membership in the order, apply for a transfer to some other lodge, refused and neglected to make such application and then and there elected to abandon his membership in appellant and did abandon the same until his death, refusing to conform to any of the requirements of membership and failed to protest against or object to the action of the president or appeal from his action as he was required to do if he desired to retain his membership, and the plea avers that because of the facts aforesaid the said plaintiff is estopped from maintaining her said action and cannot maintain the same, etc.

It will be observed that the plea is not based on the theory that the insured was expelled or that the charter of the lodge was lawfully revoked. In *Hatch v. Grand Lodge Brotherhood of Railroad Trainmen*, 233 Ill. App. 495, we held that the president of appellant arbitrarily revoked the charter of this same lodge, in utter disregard of the provisions of appellant's constitution and that the revocation was null and void. The position taken by counsel for appellant, in the case at bar, is that even though the charter was not legally revoked, the insured elected to abide by the action of the president in that regard. They say that the gist of their plea is that the insured "elected to abandon his membership in defendant association, and did abandon his membership." The averments of the plea, in that regard, are that the insured having knowledge of the revocation of the charter and knowing that he must, within 30 days, if he desired to continue his membership in the order, apply for a transfer to some other lodge, refused and neglected to make such application and then and there elected to abandon, etc. The only reasonable inference to be drawn from the averments is that by reason of his failure to make application for transfer to some other lodge he thereby elected to abandon, etc. We find, however,

that the plea further avers that the insured participated in an unauthorized strike and that under General Rule No. 10 the president of the Grand Lodge could only transfer to other lodges the members who had not participated in an unauthorized strike.

We are of the opinion that it cannot be properly held that because the insured failed to make an application for a transfer which could not be granted under the law and rules of the appellant, he thereby elected to abandon his membership.

The averments of the plea did not bring it within *Lavin v. Grand Lodge, A. O. U. W. of Missouri,* 104 Mo. App. 1, 78 S. W. 325; 112 Mo. App. 1, 86 S. W. 600, and other cases cited by appellant. In those cases, fixed monthly dues were payable, and the insured failed to pay the same for a long period of time. In the case at bar, the plea avers that dues were to be levied by the general secretary and treasurer but we find no averment therein that any dues were actually levied or that the insured failed to pay them.

The conclusion of the plea is that "defendant avers that because of the facts aforesaid the plaintiff is estopped from maintaining her action," etc. It looks very much as if the pleader intended this plea as a plea of estoppel. If so, it does not contain any of the necessary averments of such a plea. 21 C. J. 1249. The court did not err in sustaining the demurrer to the second amended plea.

The third amended plea includes nearly all of the averments of the second plea. The gist of it is that the insured was not in good standing at the time of his death because he failed to apply for a transfer of his membership to some other lodge, and by his failure to pay any monthly dues or assessments levied upon the members for more than five years preceding his death. One of the grounds of the demurrer is that the plea is bad for duplicity. The plea clearly sets up two grounds of defense and the point was well taken.

The fourth amended plea includes most of the averments of the second plea. It avers that the insured participated in an unauthorized strike; that the charter of his lodge was revoked, etc., as in the second plea; that when a charter is revoked because the lodge fails to cause charges to be preferred against its members who participated in an unauthorized strike, the president of the Grand Lodge may transfer to other lodges the members not participating in such strike. The plea shows that the insured could not have procured a transfer to any other lodge under the rules of appellant, yet it avers that the insured, knowing that he had violated the laws of appellant by joining in the strike, and knowing that if he applied for and received a transfer to another lodge charges might be preferred against him, refused to apply for such transfer and that by reason thereof no charges could be preferred against him, etc. The plea then avers that the insured thereby disabled appellant from preferring charges against him and giving him a trial, whereby he abandoned his membership in appellant and he and his beneficiary became and are estopped from claiming that charges were not preferred against him and that he did not have a trial, and that appellee, as his beneficiary, is estopped from maintaining her action. Counsel for appellant say that this is a plea of estoppel. It contains none of the necessary averments for such a plea. 21 C. J. 1249. Appellant's president, in 1920, attempted to revoke the charter of the lodge in question, but his action in that regard was arbitrary and in violation of appellant's constitution. The revocation was illegal and void. There were no charges preferred against the insured at any time and he was never expelled. The fourth amended plea seeks to show that appellee is estopped from claiming that her husband was not expelled from his membership in appellant. The demurrer to this plea was properly sustained.

The fifth amended plea sets out certain constitutional provisions, one of which is to the effect that no suit shall ever be commenced upon any beneficiary certificate by any claimant until after such claimant, by appeal, has exhausted all remedies provided for in the constitution, within the time allowed by the constitution. Other provisions are made in regard to taking an appeal from the decision of the general secretary and treasurer; that upon the receipt of proofs of death, if the same be regular and satisfactory to the general secretary and treasurer, and the claim be by him deemed valid, the same shall be adjusted in its regular order. But if the general secretary and treasurer shall, for any reason, disapprove or reject such claim, or if all available proofs appear to be insufficient, it shall be referred to the beneficiary board, who may approve or disapprove the claim; if approved, it shall be assessed for and paid in its regular order. If disapproved by the beneficiary board, the claimant may appeal to the board of insurance, who may allow or disallow the claim, and its action shall be final.

The plea then avers that on October 20, 1926, the general secretary and treasurer received from one Beasley, claiming to be attorney for appellee, a letter stating that the insured had died on October 6, 1926, and requesting that the general secretary and treasurer furnish him with blank forms upon which to make proofs of death; that it then appeared from the grand register kept by the general secretary and treasurer that insured was not in good standing and had not been for more than five years. That the general secretary and treasurer disapproved and rejected said claim and refused to furnish any forms upon which to make proofs of death; that the said claim was thereupon referred to the beneficiary board which approved the action of the general secretary and treasurer and disallowed the claim; that appellee was duly notified of that decision and that she never gave any notice of a

desire or intention to appeal from the decision of the beneficiary board to the board of insurance as required by the constitution, and no appeal was ever taken; that appellee having failed to exhaust the remedies provided for in the constitution, she is not entitled to maintain her action, etc.

It will be observed that the plea shows that upon receipt of a letter from a person claiming to be the attorney for appellee and asking for blank forms upon which to make proofs of death, the general secretary and treasurer then and there disapproved and rejected the claim of appellee. The provision of the constitution set out in the plea did not authorize the general secretary and treasurer to take action in the matter until proofs of death were submitted to him. It is apparent, therefore, that appellee was not required by the rules of appellant to appeal from the decision of the general secretary and treasurer or from the decision of the beneficiary board. At the time those decisions were rendered she had not yet presented her claim, but an attorney purporting to represent her had asked for the blanks upon which to make proofs of death. The court did not err in sustaining the demurrer to this plea.

Appellant contends that the declaration is insufficient to support the judgment. No demurrer was filed to the declaration and no motion was made in arrest of judgment. As we understand it the only contention made in this regard is that appellant is an unincorporated association and that it is not a legal entity; that the declaration should run against the members of the association. What we have said in regard to the plea in abatement disposes of this contention. Some other errors are assigned upon the record, but as they are not argued we will not consider them. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*