Emmett E. Middleton, Appellant, v. North American
Protective Association, Appellee.

October term, 1930.
filed January 19, 1931.

Heard in this court at the
Opinion

WILLIAM A. MILLS, for appellant.

JOHN A. MACNEIL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant, as beneficiary, sought to recover on an insurance certificate issued on the life of his sister. A demurrer to the declaration was sustained, and electing to abide by his declaration, the suit was dismissed at his costs. While the declaration is far from being a model to be recommended for general use, yet we are of the opinion that it states a cause of action. The certificate, issued May 19, 1925, and the by-laws printed

thereon, are set out in the declaration. One of the by-laws is to the effect that when a member is accepted the membership fee and one assessment are paid in advance, the association will issue a certificate but no liability shall arise thereunder against the association nor any benefit be due to the applicant until the issuance of the certificate and its delivery to and acceptance by the applicant while such applicant is in good health. Appellee contends that the said by-law creates a condition precedent and the declaration is fatally defective because it does not aver that insured was in good health at the time the certificate was delivered. Some decisions of the Appellate Court of the Third District support that contention, but they are based largely upon *Ellis v. State Mutual Life Assur. Co.,* 206 Ill. App. 226; *Hartsock v. Kaskaskia Livestock Ins. Co.,* 223 Ill. App. 433, and *Weber v. Prudential Ins. Co.,* 284 Ill. 326, in all of which death occurred before the policy was delivered. Cases of that character are not applicable where there was a delivery of the policy and the insured has made payments thereon. If a policy, containing such a provision, is delivered and all payments are made by the insured for 40 years, and a suit is then brought by the beneficiary, it seems to us it would be highly unjust to hold that before he can recover he must aver and prove that insured was in good health when the policy was delivered. It might very well be that the insured was not in good health at the time of the delivery yet if he lived for 40 years and made all payments his beneficiary would not be entitled to recover under appellee's contention, because it could not be proven that he was in good health when the policy was delivered.

In the case at bar the certificate was delivered and all payments made for almost three years before the death of the insured. In our opinion, in such a case, the true rule based upon reason and justice must be

that the provision in question does not create a condition precedent but is a matter of defense that must be pleaded and proven; *Fairfield v. Union Life Ins. Co.*, 196 Ill. App. 7; *Hamer v. Globe Mut. Life Ins. Co.*, 243 Ill. App. 109; *Grier v. Mutual Life Ins. Co.*, 132 N. C. 542, 44 S. E. 28. The declaration avers that the certificate was issued May 19, 1925, and that all assessments were paid until January 1, 1928, when appellee gave notice that it had canceled the certificate because of a change made in the law in 1927. The giving of that notice was an admission by appellee that there was a certificate which had been in force up to that time. *Aetna Ins. Co. v. Maguire*, 51 Ill. 342; *Citizens Ins. Co. v. Helbig*, 138 Ill. App. 115; *McNellis v. Aetna Ins. Co.*, 176 Ill. App. 575. In the absence of a plea and proof to the contrary, we think it should be assumed that the insured was in good health at the time the certificate was delivered.

It is argued that the declaration fails to state a cause of action because it does not aver that the certificate was delivered to the insured, and the fact of a delivery to her is negatived by an averment that it was issued to appellant. We think this latter averment may be disregarded as surplusage because the certificate set out in the declaration shows it was issued to the insured. There is an averment that all assessments were paid to January 1, 1928, at which time appellee gave notice that it had canceled the certificate. We think it sufficiently appears that the certificate was delivered to and accepted by insured, and that appellee so considered it.

It is insisted that the declaration shows that the insured was not a member of the association at the time of her death because it avers that prior thereto appellee had given notice that the certificate was canceled for the reason that the law was changed in 1927, and she was too old to be a member under the new law,

and that plaintiff considered the policy canceled. At the time the certificate was issued the by-laws permitted a person under 74 years of age to be insured. The insured was, at the time aforesaid, 73 years old. In 1927, the statute under which the insurer was organized was repealed and all associations in existence under the old law were allowed six months in which to reincorporate under the new law or go out of business [Cahill's St. ch. 73, ¶ 435 (1) *et seq.*]. The declaration avers that the insurer, North America Mutual Union, reincorporated in August, 1927, under the name of appellee. The statute of 1927 gave appellee no power or authority to cancel the certificate on the ground that the insured was more than 70 years of age when the certificate was issued. In *Jones v. Loaleen Mut. Benefit Ass'n,* 255 Ill. App. 170, we held that the statute of 1927 did not authorize a reincorporated association to reduce its liability to those who were members before that law went into effect. For the reasons stated in that opinion appellee had no power or authority to wipe out its liability under the certificate in question by the attempted cancellation.

Where a cancellation is wrongful, the beneficiary may await the event on which the insurance becomes payable, and after the death of insured may sue for the amount payable under the policy. 32 C. J. 1264. The fact that appellant may have considered the cancellation valid because of the notice given by appellee is not sufficient to bar his action. *Hatch v. Grand Lodge Brotherhood of Railroad Trainmen,* 233 Ill. App. 495; *New York Life Ins. Co. v. Norris,* 206 Ala. 656, 91 So. 595.

Appellee claims the declaration does not state a cause of action because it does not aver that appellant furnished notice or proof of death. If an insurer wrongfully cancels an insurance contract and gives the insured notice thereof the latter is excused from

further performance of the contract. *American Ins. Union v. Woodard,* 118 Okla. 248, 247 Pac. 398. Payment or tender of payment of assessments is not necessary if the insurer has already declared the policy canceled, or has done any act which is tantamount to a declaration of refusal to accept the same. 14 R. C. L. 987. In the case at bar the insured died on February 7, 1928, and the declaration avers that about January 1, 1928, appellant received notice from appellee that it had canceled the certificate. The giving of that notice was sufficient to inform appellant that it would be useless to furnish notice or proof of death. It was tantamount to a denial of liability in any event.

It is urged that the declaration shows a contract for wager insurance because it merely avers appellant was a brother of the insured, that the certificate was issued to him and that he paid all of the assessments. There is no showing that appellant was not a proper beneficiary. He could be named as such under the statute, Cahill's St. ch. 73, ¶ 435 (1) *et seq. Delaney v. Delaney,* 175 Ill. 187. If there is anything in the constitution or by-laws of the insurer to the contrary it should be pleaded. Assessments may be paid by the insured or the beneficiary or by someone for him, even though the one so paying has no insurable interest. 32 C. J. 1197. It is finally suggested that there is no showing that the insured made application for the certificate or that she had any knowledge that she was a member of the association. It is not necessary that a declaration should contain averments as to such matters, but the certificate does recite that the insured had made application.

For the reasons aforesaid the judgment is reversed and the cause remanded with direction to overrule the demurrer to the declaration.

*Reversed and remanded with directions.*